UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAVIER MEDINA ESCOBAR, AKA JUAN MANUEL RAGGIO-ESCOBAR,

Petitioner,

v.

TODD BLANCHE, Attorney General of the United States, in his official capacity, et al.,

Respondents.

Case No.: 3:26-cv-04452-RBM-MSB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**[Doc. 1]**

Pending before the Court are Petitioner Javier Medina Escobar's ("Petitioner") Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and Ex Parte Application for Temporary Restraining Order ("TRO Motion") (Doc. 2). For the reasons set forth below, the Petition (Doc. 1) is **DENIED** and the TRO Motion (Doc. 2) is **DENIED AS MOOT**.

## I. BACKGROUND

### A. Factual Background

Petitioner, a native and citizen of Mexico, "entered the United States without inspection in 2004, and was then removed in 2005 following a felony conviction for violation of 18 U.S.C. § 1324." (Doc. 6 at 2; Doc. 1 ¶¶ 12, 34.) "According to the contemporaneous immigration investigative report, Petitioner's admitted involvement was

delivering groceries and food to undocumented individuals." (Doc. 1 ¶ 36.) Petitioner re-entered the United States and was again removed to Mexico on January 28, 2008. (Doc. 6 at 2; Doc. 1 ¶ 34.) Petitioner re-entered the United States without inspection at some point thereafter[1] and resided continuously in Southern California since then. (Doc. 1 ¶¶ 12, 34.)

"In September 2025, Petitioner was charged in the United States District Court for the Southern District of California with being a deported alien found in the United States." (*Id.* ¶ 37.) "On October 7, 2025, after posting bond in a federal criminal case," U.S. Department of Homeland Security ("DHS") officers re-detained Petitioner, reinstated his 2006 removal order, and "transferred him to the Otay Mesa Detention Center, where he has remained continuously detained." (Doc. 1 ¶ 1; *see* Doc. 6 at 2.) "The federal criminal charges were subsequently dismissed." (Doc. 1 ¶ 37.) "After being taken into ICE custody, Petitioner expressed a fear of persecution and torture if returned to Mexico." (*Id.* ¶ 38.)

On November 11, 2025, "[f]ollowing reasonable-fear proceedings," an immigration judge ("IJ") affirmed the negative reasonable-fear determination. (*Id.* ¶¶ 2, 38.) Petitioner filed an appeal of the IJ's ruling in the Ninth Circuit. (*Id.* ¶ 2.) "After filing his appeal, Petitioner obtained a judicial stay of his reinstated order of removal pursuant to Ninth Circuit General Order 6.4." (Doc. 6 at 3.) The Ninth Circuit's stay of removal "remains in effect." (Doc. 1 ¶ 40.) "On June 24, 2026, the Ninth Circuit stayed further proceedings in the petition for review pending issuance of the mandate in *Navarrete v. Blanche*, No. 24-2776, or further order of the court." (*Id.*)

"While judicial review remained pending, Petitioner sought custody redetermination before an Immigration Judge pursuant to 8 U.S.C. § 1226(a)." (*Id.* ¶ 41.) On December 31, 2025, an IJ denied Petitioner's custody redetermination request, stating "No jurisdiction due to *Hurtado* and presence of a final order of removal." (*Id.*) The IJ made an alternative finding that Petitioner "is a danger due to criminal record." (*Id.* ¶ 42.)

---

[1] "[DHS] alleges that Petitioner reentered the United States on or about March 1, 2010." (Doc. 1 ¶ 34.)

**B. Procedural Background**

On January 13, 2026, Petitioner, by and through counsel, filed his first Petition for Writ of Habeas Corpus. *See Escobar v. Bondi*, Case No. 3:26-cv-00197-RBM-MSB (S.D. Cal. Jan. 12, 2026), ECF No. 1 ("*Escobar I*"). This Court denied the first petition on February 19, 2026. *See id.*, ECF No. 9. In doing so, the Court: (1) determined that Petitioner was detained pursuant to 8 U.S.C § 1231 based on his reinstated final removal order, not § 1226 as Petitioner argued; (2) rejected Petitioner's due process arguments because they were based on his contention that he was subject to detention under § 1226(a); and (3) noted that Petitioner did not challenge his post-removal detention under 8 U.S.C. § 1231 as unconstitutional. *See id.* at 4–7.

On March 12, 2026, Petitioner appealed the Court's decision with the Ninth Circuit. *See id.*, ECF Nos. 12–13. "On July 8, 2026, Petitioner filed a Motion for Interim Release from Custody pursuant to FRAP Rule 23(b) in the Ninth Circuit." (Doc. 6 at 3 (citing *Medina Escobar v. Blanche*, No. 26-1495, Docket Entry 10 (9th Cir.)).) "In support of his request for interim release from custody, Petitioner asserted grounds for relief to include the Ninth Circuit's stay of his reasonable fear appeal (No. 25-7102), as well as the argument 'that constitutional due process independently limits prolonged civil detention.'" (*Id.* at 3–4 (citing *Medina Escobar v. Blanche*, No. 26-1495, Docket Entry 10 at 10–15 (9th Cir.)).) The Ninth Circuit denied Petitioner's motion for interim Release on August 12, 2026. (*Id.* at 4 (citing *Medina Escobar v. Blanche*, No. 26-1495, Docket Entry 21 (9th Cir.)).)

On August 4, 2026, Petitioner, by and through counsel, commenced a new action by filing the instant Petition. (*See* Doc. 1.) The action was transferred to the undersigned on August 17, 2026. (Doc. 7.) Respondents filed a Return to the Petition on August 12, 2026. (Doc. 6.) Petitioner filed a Reply on August 17, 2026. (Doc. 8.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that

custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims his immigration detention is unconstitutionally prolonged in violation of the Fifth Amendment's Due Process Clause and his continuous detention lacks statutory authority in violation of the Immigration and Nationality Act. (Doc. 1 ¶ 7.) In the alternative, Petitioner claims that "if Respondents properly invoked 8 U.S.C. § 1231 upon taking Petitioner into custody, the ninety-day period of mandatory detention has long since expired." (*Id.; see id.* ¶¶ 46–72.) Respondents "oppose the [P]etition and the related [TRO Motion] primarily on the abuse of writ doctrine" and "on the ground that Petitioner is properly detained under 8 U.S.C. § 1231 . . . ." (Doc. 6 at 2.)

### A. Abuse of Writ

Respondents contend that the abuse of writ doctrine precludes Petitioner's habeas claims in this action because "Petitioner has already litigated the issue of whether his detention is authorized by § 1231 while his reinstated order of removal is judicially stayed" in *Escobar I*, which is pending appeal before the Ninth Circuit, and Petitioner "also sought release from custody by way motion in the Ninth Circuit" habeas appeal, which was denied. (Doc. 6 at 2, 4.) Petitioner responds, arguing that the first petition in *Escobar I* was denied without prejudice and the Court "expressly stated that Petitioner had not presented a claim that his detention was unconstitutionally prolonged and therefore declined to reach that issue." (Doc. 8 at 3.) Petitioner claims that circumstances have now changed and the instant Petitioner "therefore does not seek reconsideration of a prolonged-detention claim previously adjudicated." (*Id.*)

The "abuse of the writ doctrine forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023). While there is no statutory prohibition on successive habeas corpus petitions filed pursuant to 28 U.S.C. 2241, the Ninth Circuit has recognized "that the abuse of the writ doctrine may apply to successive habeas petitions challenging immigration detention filed pursuant to § 2241." *Calderon v. Chestnut*, No. 1:26-CV-02552-TLN-CSK, 2026 WL 2806912, at *3 (E.D. Cal. Sept. 18, 2026) (citing *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011)). "[T]o determine whether a claim is second or successive, [courts] must look to the substance of the claim and decide whether the petitioner had a full and fair opportunity to raise the claim in the prior application." *Eldridge*, 70 F.4th at 552 (cleaned up). "A petitioner had no fair opportunity to raise the claim in the prior application if (1) the claim was not yet ripe at the time of the first petition, or (2) where the alleged violation occurred only after the denial of the first petition." *Id.* (cleaned up). The government bears the burden of showing that the "petitioner has abused the writ." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

In the instant Petition, Petitioner omits any mention of *Escobar I* or his pending appeal of this Court's order denying his petition in *Escobar I* and instead re-alleges that his "continued detention is unauthorized because the statutory removal period has not commenced under 8 U.S.C. § 1231(a)(1)(B)(ii)." (Doc. 1 ¶ 56; *see id.* ¶¶ 57–72.) Petitioner advanced the same arguments in *Escobar I*, where he argued that "his removal order is not 'executable' and that § 1231's detention authority does not apply because the removal period has not commenced due to a judicial stay of his removal." *Escobar I*, Case No. 3:26-cv-00197-RBM-MSB, ECF No. 9 at 5; *see id.*, ECF No. 8 at 2, 4. Petitioner's statutory detention authority claim is therefore impermissibly successive.

Petitioner argues that the Ninth Circuit's recent decision in *Navarrete v. Bondi* "supplied intervening published guidance material to a characterization [this] [C]ourt made without the benefit of that authority, and that the threshold inquiry under that framework is whether Petitioner challenges the reinstated removal order itself." (Doc. 8 at 6 (citing

*Navarrete v. Bondi*, 170 F.4th 1214 (9th Cir. 2026)).) However, Petitioner did not move for reconsideration of the Court's decision in *Escobar I* based on an intervening change in controlling law and his appeal from the same decision remains pending before the Ninth Circuit. Because the Court already addressed statutory detention authority in *Escobar I*, and Petitioner's appeal from the same decision remains pending, the Court will not address the Parties' arguments concerning this issue in resolving the instant Petition. *See Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) ("A district court should not entertain a habeas corpus petition while there is an appeal pending in [the Ninth Circuit] or in the Supreme Court.") (citations omitted). Petitioner's Second Cause of Action is therefore **DENIED**.

The Court will nonetheless address Petitioner's prolonged detention claim, as it declined to address the issue in *Escobar I* based on Petitioner's failure to assert a prolonged detention challenge. *See Escobar I*, Case No. 3:26-cv-00197-RBM-MSB, ECF No. 9 at 6.

***B.* Zadvydas**

Petitioner claims his immigration detention since October 7, 2025, has become unconstitutionally prolonged in violation of the Fifth Amendment's Due Process Clause because it "has no reasonably foreseeable endpoint tied to an executable removal." (Doc. 1 ¶¶ 7, 47, 50.) Respondents contend that "Petitioner is properly detained under 8 U.S.C. § 1231 based upon his reinstated order of removal, and the delay in his removal is attributable to his pursuit of judicial review which does not violate due process or require his release from detention under § 1231." (Doc. 6 at 2, 5.)

Section 1231(a) "authorizes further detention if the Government fails to remove the [noncitizen] during those 90 days." *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). The Supreme Court has recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final. *Id*. at 701. After the six-month period expires, Petitioner has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. Once this initial burden is met, the burden shifts to Respondents to "respond with evidence sufficient

to rebut that showing." *Id.* If "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and the noncitizen must be released. *Id.* at 699–700; *see* 28 U.S.C. § 1231(a)(3) ("If the [noncitizen] does not leave or is not removed within the [90-day] removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.").

In this case, Petitioner has been detained since his October 7, 2025. (*See* Doc. 1 ¶ 47.) Because Petitioner has now been in detention for over eleven months, his detention is no longer presumptively reasonable.

Petitioner has also satisfied his initial burden of showing there is "good reason to believe" that his removal is not significantly likely "in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Petitioner argues his "removal cannot presently be executed because" the Ninth Circuit entered a stay of removal in his pending reasonable fear appeal "and no reasonably foreseeable event will end that restraint." (Doc. 1 ¶¶ 48, 53.) As such, the burden shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Respondents argue that "ongoing withholding-only proceedings, even lengthy ones, simply do not present the same risk of indefinite and potentially permanent detention at issue in *Zadvydas*." (Doc. 6 at 7 (quoting *Castaneda v. Perry*, 95 F.4th 750, 757–58 (4th Cir. 2024)).) This Court has previously addressed a similar issue in *Mota v. Blanche*, where Respondents argued that the petitioner's detention did "'not present the same risk of indefinite and potentially permanent detention' that the Supreme Court found unlawful in *Zadvydas*." No. 3:26-CV-02830-RBM-MSB, 2026 WL 1484323, at *3 (S.D. Cal. May 27, 2026) (citation omitted). There, the Court agreed with Respondents because "[i]n granting relief under *Zadvydas*, the Ninth Circuit has often 'relied on the likely *impossibility* of removal,' not mere improbability or uncertainty." *Id.* (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063–64 (9th Cir. 2008)) (emphasis in *Mota*). The Court explained that:

> [The petitioner in *Mota*], like *Prieto Romero*, "foreseeably remains capable of being removed—even if it has not yet finally been determined that he should

> be removed," and "[t]here is nothing, such as a lack of a repatriation agreement with his home country or a finding that he merits mandatory relief from removal, that would prevent [Petitioner's] removal to Mexico if he is ultimately unsuccessful in his petition for review" with the Ninth Circuit and/or in his newly-available avenues to challenge his underlying removal order.

*Id.* (quoting *Prieto Romero*, 534 F.3d at 1065). "Several courts confronted with the same issue have concluded that a stay of removal pending judicial review cannot alone satisfy a petitioner's burden under *Zadvydas*." *Lagunas v. Facility Adm'r, Adelanto ICE Processing Ctr.*, Case No. 5:26-cv-00507-MCS-KES, 2026 WL 2041445, at *2 (C.D. Cal. July 14, 2026) (collecting cases); *see Paez v. Scott*, CASE NO. 2:26-cv-01144-LK, 2026 WL 1396111, at *3 (W.D. Wash. May 19, 2026) ("All federal appellate courts that have considered the issue have concluded that relief under *Zadvydas* is unavailable where delay in removal is caused by ongoing litigation.").

Here, "Petitioner does not allege that Mexico will refuse to accept him." (Doc. 8 at 8.) Like the petitioners in *Mota* and *Prieto Romero*, the only barrier Petitioner identifies to his removal is the Ninth Circuit's stay of removal in his adverse reasonable fear proceedings.[2] The Court therefore adopts its reasoning in *Mota* and applies it here.

Without more, "[t]he stay of removal does not render Petitioner's removal unlikely in the reasonably foreseeable future." *See Lagunas*, 2026 WL 2041445, at *2 (analyzing a petitioner's stay of removal implemented in motion to reopen proceedings). "It is true that [Petitioner's] detention lacks a certain end date, but this uncertainty alone does not render his detention indefinite in the sense the Supreme Court found constitutionally problematic in *Zadvydas*." *Prieto-Romero*, 534 F.3d at 1063 (applying *Zadvydas* to determine whether

---

[2] Petitioner challenges Respondents' characterization of his pending appeal "as review of a negative reasonable-fear determination or withholding-only proceedings . . . ." (Doc. 8 at 12.) Because Petitioner had the opportunity to address this issue in *Escobar I*, the Court will not reconsider it in this Order. (*See supra* Sec.III.A.)

a petitioner detained under § 1226(a) was subject to prolonged detention). Indeed, the Ninth Circuit has construed the standard set forth in *Zadvydas* "to require the [noncitizen] to show that he would be unremovable even if the government defeated his petition for review." *Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008) (analyzing the Ninth Circuit's decision in *Prieto-Romero*). And here, there will be no barrier to Respondents effectuating Petitioner's removal if Petitioner is unsuccessful in the pending proceedings. *See Lagunas*, 2026 WL 2041445, at *2; *Paez*, 2026 WL 1396111, at *4 ("The stay resulting from [the petitioner's] ongoing appeal does not create a 'removable-but-unremovable limbo' because 'ongoing withholding-only proceedings alone are insufficient to demonstrate that removal is no longer reasonably foreseeable.'") (quoting *Castaneda*, 95 F.4th at 758). Accordingly, Petitioner's First Cause of Action is **DENIED.** Should circumstances change after the Ninth Circuit's ruling, Petitioner may file an amended petition.

## IV. CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **DENIED WITHOUT PREJUDICE** and the TRO Motion (Doc. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATE: September 23, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE